CHARLES J. SCHUCK, Judge.
The two infant claimants herein maintain that on or about the 25th day of July 1941, while crossing a bridge over Cabin creek, in a Ford roadster, at about 10:00 at night on the day in question, they were injured by reason of the said bridge being out of repair, the floor boards thereon loose, part of the railings torn off, and the bridge generally in such a bad condition as to make it dangerous for travel. The claimants in question had been over the bridge previously that evening, *335 but the evidence does not reveal as to whether or not either or both of them had occasion to notice the dilapidated and dangerous condition of the bridge at the time of the first crossing. The bridge was part of the main county or state road leading from the town of Decota to Miami, and from Miami down to Cabin creek junction, and was the only outlet for persons obliged to travel the highway in question and going to the places or towns mentioned. That the bridge was in a highly dangerous condition at the time of the accident is plainly shown and revealed by the exhibits in question, and those charged with the duty of keeping the bridge in reasonable condition for use by pedestrians and autoists were negligent in this respect, and the bridge dangerous for general use. The fact is that there was a hole in part of the traveled portion of the bridge and travelers in vehicles or automobiles over and upon the said bridge, if aware of this condition, were obliged to keep to the left side thereof in order to avoid an accident. Since the claimants in question had only crossed the bridge once before, and that on the same day that the accident happened, they cannot, under the evidence, be charged with negligence in attempting to cross the bridge at the time in question when the accident to them happened. From the evidence, it seems that one of the loose boards on the bridge turned up, catching the running board of the automobile and being lodged againsl the wheel thereof, by reason of which the car was stopped suddenly, and the occupants thereof thrown against and through the windshield, receiving severe cuts to the head of both, and to the face of the said Betty Kincaid. They were shortly after taken to the hospital, where their wounds were treated, and then were returned home, and so far as the evidence reveals, required very little further medical attention. It is true that the said Betty Kincaid still bears a scar on her cheek caused by the injuries inflicted -when she was undoubtedly cut by the ragged ends of the windshield. The claimant, Walter Lee Kincaid, suffered a cut of approximately one and one-half inches on his head, but the wound was of such a nature that it required only to be taped, so far as the treatment at the hospital was concerned. The claim is made that the said claimant, Waller Lee Kincaid, suffers an eye affliction by *336 reason of the accident, but substantial testimony is not offered to sustain this contention. We feel that the injuries to the said claimant, Walter Lee Kincaid, were comparatively minor, and of no lasting effect, and we make an award of $150.00 to him:
In the case of Betty Jane Kincaid, we feel that an award of $500.00 is proper for the injuries sustained, and in view of the fact that no permanent injuries were sustained by her, and that we feel that the scar in question on her cheek will eventually disappear or become unnoticeable, that the award made to her is proper and ample. Under the circumstances, the awards in the amounts of one hundred and fifty dollars ($150.00) for the claimant, Walter Lee Kincaid, and five hundred dollars ($500.00) for Betty Jane Kincaid, respectively, will be recommended to the Legislature for payment.
The infants, Walter Lee Kincaid and Betty Jane Kincaid, were driving and riding in an automobile owned by E. W. Kincaid, and the damage to the said automobile by reason of the accident in question amounted to $93.50. Of this amount the said claimant, E. W. Kincaid, has been paid $43.59 by the Insurance Company that carried the insurance on said automobile, and is entitled to the remainder of the said estimated damages, for which said amount, to-wit fifty dollars ($50.00), an award is made to him.